**For Online Publication Only**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES,<br><br>        Plaintiff,<br><br>  v.<br><br>OLGA MILMAN,<br><br>        Defendant. | Case No. 16–cv–01110 (JMA)<br>98–cr–00842 (JMA)<br><br>ORDER |

**AZRACK**, **U.S.D.J.**,

On January 31, 2024, Petitioner Olga Milman filed a motion for a stay of her removal pending appeal. Familiarity with the Court's December 29, 2023 Order ("Dec. 29 Order") is presumed.

While Milman's § 2255 and coram noram petitions were pending, the Court granted Milman's unopposed motion to stay her removal until the resolution of those petitions. In the Dec. 29 Order, the Court denied Milman's § 2255 motion and coram petitions, but stated that the stay of removal would not be lifted until January 31, 2024. On January 31, 2024, Milman filed the instant motion, which seeks a stay of her removal pending appeal.

For the reasons stated below, the Court stays Milman's removal for 60 days, but declines to stay her removal for the duration of her pending appeal.

The Court assumes that, in analyzing Milman's stay request, the Court must consider the traditional factors that govern requests for a stay pending appeal:

1

>(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies."

Nken v. Holder, 556 U.S. 418, 434 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)); see also Ragbir v. United States, No. 19-1282, 2019 U.S. App. LEXIS 12589, at *1-2 (3d Cir. Feb. 27, 2019) (assuming that the Nken factors apply to requests for stay of removal pending appeal of coram nobis denial and denying stay where petitioner failed to show that he was likely to succeed on the merits of his appeal). "The party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." Nken, 556 U.S. at 433–34.

Milman has not established that she is likely to prevail on appeal. Notably, her motion does not even identify what arguments she intends to raise on appeal. In any event, after considering all the arguments she advanced in her prior submissions and all the issues in the Dec. 29 Order, the Court concludes that Milman is not likely to prevail on appeal. Even assuming arguendo that the irreparable injury factor weighs in her favor, the third and fourth factors weigh in the Government's favor. Considering all the factors above, the Court denies Milman's request to stay her removal for the duration of her pending appeal. The Court, however, will stay her removal for 60 days from the date of this Order. Milman recently had to retain new counsel after her prior counsel retired. A 60-day stay will allow new counsel time to review her case and the Second Circuit time to consider any motion for a stay of removal filed in that court.[1]

---

[1] In Ragbir, the district court stayed the petitioner's removal while his coram nobis petition— which challenged the conviction underlying his removal—was pending before the district court. However, after the district court denied the coram nobis petition, the district court concluded that it was only appropriate to grant a brief stay of removal to afford the petitioner time to seek a stay from the Third Circuit. In denying the request to stay removal for the duration of the appeal, the district court stated that "a stay of removal pending appeal would seem . . . to be the prerogative of the [Circuit] court hearing the appeal." Ragbir v. United States, No. 17-cv-1256 (D.N.J. Feb. 2, 2019) (Memorandum and Order).

2

Milman's removal is hereby stayed for 60 days from the date of this Order.

**SO ORDERED.**

Dated: February 12, 2024
Central Islip, New York

                                                  /s/   (JMA)
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE